UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Bank National Association, *doing business as Elan Financial Services*,<br><br>                    Plaintiff,<br><br>v.<br><br>San Antonio Cash Network, Pendum LLC, and Loomis Armored US, LLC,<br><br>                    Defendants. | Case No. 17-cv-275 (PAM/TNL)<br><br>**REPORT & RECOMMENDATION** |

Joel T. Wiegert, Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402; and Martin Jerome Flannery, Jr. and Paul C. Fonseca, Pattison & Flannery, 427 Bedford Road, Suite 180, Pleasantville, NY 10570 (for Plaintiff); and

San Antonio Cash Network, Attn: Joseph Vasquez, 732 Falling Leaves Drive, Akins, TX 78101 (Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff U.S. Bank National Association's ("U.S. Bank") Motion for Entry of Default Judgement (ECF No. 62). A hearing was held on February 9, 2018. (ECF No. 72.) Joel T. Wiegert appeared on behalf of U.S. Bank. Defendant San Antonio Cash Network ("SACN") did not appear. For the reasons stated below, the Court recommends U.S. Bank's motion be granted.

1

# I. PROCEDURAL AND FACTUAL HISTORY

## A. Background

In 2011, U.S. Bank and Defendants SACN and Pendum LLC ("Pendum") entered into a Cash Provisioning Agreement ("CPA") where U.S. Bank would provide currency to SACN for use in the operation of its ATMs and Pendum would transport the currency. (Am. Compl. ¶ 10, ECF No. 14.) Defendant Loomis Armored US, LLC ("Loomis") subsequently acquired Pendum's armored-transportation-and-cash-in-transit business, agreed to assume all Pendum's agreements with U.S. Bank, and agreed to be bound by the CPA. (Am. Compl. ¶ 11.) Under the terms of the CPA, U.S. Bank retained ownership of the currency, but SACN was responsible for and bore the risk of loss of the currency while in SACN's ATMs. (Am. Compl. ¶¶ 13-14.) The CPA also provided that SACN was not to have access to the currency. (Am. Compl. ¶ 16.)

Sometime following the execution of the CPA, SACN's president, Joe Vasquez, obtained keys to the ATM vaults from Pendum. (Am. Compl. ¶¶ 28, 41.) U.S. Bank alleges that Vasquez accessed ATMs after they were restocked and removed currency. (Am. Compl. ¶ 40.) Vasquez also accessed the ATMs immediately prior to the next replenishment to replace enough currency to avoid suspicion. (Am. Compl. ¶ 40.) U.S. Bank alleges that lock audits on the ATMs showed irregular patterns of access and Loomis was aware of unauthorized access to the ATMs by 2014. (Am. Compl. ¶¶ 32-33, 35, 42.) This unauthorized access continued until November 2016, when U.S. Bank became aware of suspicious activity involving SACN's ATMs. (Am. Compl. ¶¶ 24-25.)

U.S. Bank directed Loomis to remove all of the currency from SACN's ATMs. (Am. Compl. ¶ 25.) Each of SACN's ATMs contained less currency than U.S. Bank's records showed should have been remaining. (Am. Compl. ¶ 25.) U.S. Bank alleges that a conference call took place between U.S. Bank, Vasquez, and Vasquez's attorney on November 14, during which Vasquez admitted to taking currency from SACN's ATMs. (Am. Compl. ¶ 26.) U.S. Bank "estimates that SACN, through Vasquez, stole approximately $1,084,600." (Am. Compl. ¶ 29.) The missing currency has neither been returned nor refunded to U.S. Bank. (Am. Compl. ¶ 46.)

**B. The Lawsuit**

U.S. Bank commenced this action against SACN, Pendum, and Loomis for breach of contract, negligence, breach of the duty of good faith and fair dealing, an accounting, breach of fiduciary duty, civil theft, and conversion. (Compl., ECF No. 1.) U.S. Bank's claims arise out of the loss of approximately $1,084,600 in currency used in SACN's ATMs. (Am. Compl. ¶¶ 29, 52, 59, 66, 78, 81, 84, 89.) By Amended Complaint, U.S. Bank seeks an accounting "to determine the full extent of its losses due to Defendants' wrongful acts"; a monetary judgment in the amount of $1,084,600, plus interest and "other charges"; punitive damages pursuant to Minn. Stat. § 604.14; and attorney fees and costs as provided in the CPA. (Am. Compl. ¶¶ 52, 59, 66, 67-71, 78, 83-84, 89, A-D.)

Following the filing of the Amended Complaint and Loomis's motion to dismiss, SACN filed its Answer in April 2017. (ECF Nos. 14, 16, 19.) In June, the Court held a pretrial scheduling conference attended by counsel for all parties, including SACN. (ECF

Nos. 31, 35.) A Pretrial Scheduling Order was issued as well as an Order for Settlement Conference. (Pretrial Scheduling Order, ECF No. 36; Order for Settlement Conference, ECF No. 37.) The parties, including SACN, later stipulated to the entry of a Protective Order and established a protocol for electronically stored information. (ECF Nos. 38, 39, 40.)

### C. SACN's Counsel is Permitted to Withdraw

In August, SACN's counsel moved to withdraw due to a breakdown in the attorney-client relationship. (ECF 42; Sept. 5, 2017 Order at 2, ECF No. 53 [hereinafter Order].) SACN and counsel had not communicated since an exchange of emails in July. (Order at 2.) SACN failed to respond to counsel's requests for information to complete the required Rule 26(a)(1) disclosures and to make disclosures relating to electronically stored information. (Order at 2-3.) Counsel represented that SACN's "failure to communicate and to participate in its defense ha[d] made continued representation impossible." (Order at 2 (quotation omitted).) A hearing on the motion to withdraw was held on September 1. (ECF No. 51.) SACN did not appear at the hearing. (Order at 1, 3.)

This Court granted the motion to withdraw. (Order at 6.) This Court found that "SACN's lack of communication with [c]ounsel [wa]s intentional and a failure of SACN's obligation to [c]ounsel in the scope of the representation"; SACN had "hampered [c]ounsel from being able to provide adequate representation"; and counsel "g[ave] SACN reasonable warning of the consequences of SACN's failure to

4

communicate." (Order at 4.) This Court concluded that SACN's counsel had shown "good cause for withdrawal without substitution." (Order at 5).

In granting the motion to withdraw, this Court also recognized that "SACN is a corporation" and "[c]orporations may not proceed *pro se* in federal court." (Order at 5.) This Court urged SACN to obtain new counsel and to notify the Court of such by October 2. (Order at 5.) This Court warned that the "[f]ailure to do so may result in default judgement, upon motion, against SACN." (Order at 5.) To date, SACN has not notified this Court of any new counsel.

### D. Settlement Conference

The undersigned held a settlement conference on October 11. (ECF No. 56; *see generally* Order for Settlement Conference.) SACN did not appear at or participate in the settlement conference. (ECF No. 56; *see* Mem. in Supp. of Mot. for Entry of Default Judgement at 2, ECF No. 64 [hereinafter Mem. in Supp. of Default].) All other parties appeared and were able to reach settlements. (ECF No. 56; Mem. in Supp. of Default at 1-2.) Both the Pretrial Scheduling Order and the Order for Settlement Conference required the parties to participate in the settlement conference. (Pretrial Scheduling Order at 4; Order for Settlement Conference ¶¶ 2, 3.) Both orders also warned that a failure to comply could "subject the non-complying party . . . to any and all appropriate remedies, sanctions and the like," including, among other things, "entry of whole or partial default judgement." (Pretrial Scheduling Order at 5; *accord* Order for Settlement Conference ¶ 7.)

### E. Motion For Entry of Default Judgement

On December 14, U.S. Bank filed the instant motion for entry of default judgement against SACN on grounds that SACN failed to appear at the settlement conference and failed to serve its Rule 26(a)(1) initial disclosures. By separate order, this Court ordered SACN to "show good cause why the undersigned should not recommend that default judgment be entered against SACN," established a briefing schedule, and set a hearing date of February 9, 2018. (ECF No. 71.)

### II. ANALYSIS

U.S. Bank moves for entry of default judgment against SACN under Federal Rules 16, 37, and 55. U.S. Bank argues that "[t]his is not a case of an isolated and possibly inadvertent instance of failing to comply with a court order." (Mem. in Supp. of Default at 7.) According to U.S. Bank, "[i]t is clear from SACN's former counsel's declaration, SACN's failure to communicate with the Court or other parties, and its failure to retain substitute counsel, that SACN has manifestly disregarded the orders of the court and has apparently abandoned its defense in this lawsuit." (Mem. in Supp. of Default at 7-8.) U.S. Bank further argues that SACN "has completely withdrawn from participation in this lawsuit." (Mem. in Supp. of Default at 8.)

"The Federal Rules of Civil Procedure authorize a court to sanction a party with default judgement" in certain situations. *Hughes v. Goynes*, No. 13-cv-1319 (DWF/JJK), 2015 WL 4077469, at *4 (D. Minn. July 2, 2015). In relevant part, Rule 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a

scheduling or other pre-trial conference; . . . [or] (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).  Similarly, Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . [the court] may impose . . . appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(C).  Rule 37(b)(2)(A)(vi) authorizes the Court to render default judgment against a party.  And, Rule 55 addresses the entry of default judgment generally, including the circumstances under which a party must apply to the Court for entry of default judgment.  *See* Fed. R. Civ. P. 55(b)(2).

"The entry of default judgement should be a 'rare judicial act.'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977)).  "'[D]efault judgement is not an appropriate sanction for a marginal failure to comply with time requirements.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)).  Nevertheless, "[d]efault judgement is appropriate where the party against whom the judgement is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Id.* (quoting *Ackra Direct Mktg. Corp.*, 86 F.3d at 856).  As detailed below, SACN's persistent absence from this litigation since its initial filings indicates that it no longer wants to participate or defend this case on the merits.

First, SACN willfully failed to comply with its discovery obligations.  Rule 26(a)(1) requires a party to disclose certain information without awaiting a discovery request.  Fed. R. Civ. P. 26(a)(1)(A).  Generally, such disclosures are to be made "at or

7

within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). Here, the Pretrial Scheduling Order set a deadline of August 1, 2017 for Rule 26(a)(1) initial disclosures. (Pretrial Scheduling Order at 1.) Four months later, SACN still had not completed its Rule 26(a)(1) initial disclosures.

Second, SACN failed to obtain new representation. SACN is a corporation. (SACN's Answer ¶ 3, ECF No. 19.) Corporations must be represented by counsel to appear in federal court. *E.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 646 n.1 (D. Minn. 2002) ("[A] corporation may not be represented *pro se*. . . . [A] corporation may only appear by legal counsel."). Because corporations cannot appear *pro se*, SACN was "technically in default" following the withdrawal of counsel. *Ackra Direct Mktg. Corp.*, 86 F.3d at 857. Upon granting the motion to withdraw, the Court urged SACN to obtain new counsel, warning that the "[f]ailure to do so may result in default judgement." (Order at 5.) Yet, SACN has not retained new counsel.

Third, SACN failed to appear at the settlement conference despite being ordered to participate. The Court warned SACN that a failure to comply could result in appropriate sanctions, including the entry of default judgement. The argument for an entry of default judgment is even more compelling when all other parties appeared, in compliance with the Court's Order for Settlement Conference, and were able to reach settlements.

In sum, SACN's persistent absence from these proceedings since its initial filings indicates that it no longer wants to participate or defend this case on the merits. Notably, SACN did not respond to the motion for default judgement. And, not surprisingly, SACN did appear at the hearing on the motion for default judgement.

SACN's conduct represents more than "a marginal failure to comply with time requirements." *Forsythe*, 255 F.3d at 490 (quotation omitted). SACN has failed to fulfill its discovery obligations, failed to appear at hearings, failed to obtain new representation following the withdrawal of counsel, and failed to attend the required settlement conference. SACN has willfully violated the Federal Rules of Civil Procedure and willfully disregarded this Court's orders. Furthermore, SACN's lack of participation demonstrates that SACN does not intend to defend itself against U.S. Bank's allegations. Under the circumstances, SACN's conduct warrants entry of default judgment. *See, e.g.*, *id.* (defendants' "failure to engage in discovery and failure to appear in depositions and hearings set by the court" provided a basis for an entry of default judgement); *Ackra Direct Mktg. Corp.*, 86 F.3d at 856 (defendants' "failure to respond to the magistrate judge's discovery order and other orders, failure to comply with pretrial requirements, and failure to attend the final pretrial/settlement conference . . . [were] certainly grounds for default judgement"); *see also Comiskey*, 989 F.2d at 1009 (defendant's "total failure to comply with numerous court orders and with . . . discovery requests" justified an entry of default judgement). Therefore, the Court recommends that U.S. Bank's motion for entry of default judgment be granted.

9

There remains, however, one additional step—the amount of the judgment. U.S. Bank requests that judgment be entered in the amount of $1,084,600. "The fact that default is entered does not automatically result in [the] plaintiff recovering what was dem[a]nded in the complaint." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688.1 (4th ed. 2016). The Amended Complaint only "*estimates*" the amount of lost currency and also seeks additional monetary relief, including, for example, "other charges" and attorney fees and costs. U.S. Bank has not submitted any evidence in support of the amount sought. "Once a default has been entered on a claim for an indefinite or uncertain amount of damages, 'facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.'" *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Consequently, U.S. Bank still must prove damages to a reasonable degree of certainty before judgment may be entered. *See J.C. Research, Inc. v. Speed Commerce, Inc.*, No. 14-cv-3762 (WMW/SER), 2017 WL 6883878, at *4 (D. Minn. Nov. 14, 2017) ("In general, damages must be shown 'to a reasonable degree of certainty.'" (quoting *Everyday Learning Corp.*, 242 F.3d at 819)), *report and recommendation adopted as modified*, 2018 WL 344975 (D. Minn. Jan. 9, 2018); *Hughes*, 2015 WL 4077469, at *5 ("Damages on default judgement must be proved.").

"'It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment

accordingly.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).  Therefore, the Court further recommends that, should this report and recommendation be adopted, U.S. Bank be directed to provide evidence in support of the amount sought and, thereafter, any additional proceedings be scheduled and conducted that may be necessary to determine such amount to a reasonable degree of certainty.  *See* Fed. R. Civ. P. 55(b)(2).

[Continued on next page.]

### III. RECOMMENDATION

Based on all the files, record, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Entry of Default Judgement (ECF No. 62) be **GRANTED**.

2. Plaintiff be directed to provide evidence in support of the amount sought.

3. Thereafter, any additional proceedings be scheduled and conducted that may be necessary to determine such amount to a reasonable degree of certainty.

Date: March  1  , 2018                              *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    for the District of Minnesota

                                                    *U.S. Bank National Association v. San Antonio Cash Network et al.*
                                                    Case No. 17-cv-275 (PAM/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).