UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Bank National Association                              Civ. No. 17-275 (PAM/TNL)
d/b/a Elan Financial Services,

          Plaintiff,

v.                                                                                         **ORDER**

San Antonio Cash Network,

          Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung dated March 1, 2018. The R&R recommends granting Plaintiff's Motion for Entry of Default Judgment because Defendant willfully failed to comply with the Court's orders to obtain new counsel and to appear at a settlement conference, and because Defendant failed to comply with its discovery obligations. (R&R (Docket No. 73) at 7-9); see, e.g., Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (stating that default judgment is appropriate for "willful violations of court rules, contumacious conduct, or intentional delays") (quotation omitted). In addition, Defendant did not respond to Plaintiff's Motion and did not appear at the hearing on Plaintiff's Motion.

Defendant has not objected to the R&R, and the time to do so has elapsed. As the R&R notes, it appears that Defendant's "persistent absence from this litigation since its initial filings indicates that it no longer wants to participate or defend this case on the merits." (R&R at 7.) The Court therefore adopts the R&R, grants Plaintiff's Motion, and

enters default judgment against Defendant for willfully violating the Court's orders and its discovery obligations.

But before the Court can award damages, Plaintiff must provide sufficient evidence to a reasonable degree of certainty that supports entering judgment in the amount demanded. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001) (stating that damages must be proven "to a reasonable degree of certainty" following entry of default judgment). The Complaint seeks $1,084,600 in damages. (Am. Compl. (Docket No. 14).) However, Plaintiff has not provided sufficient evidence to support its claim for damages. The Court will consider the amount of damages after Plaintiff has submitted additional evidence to support its claim for damages in the amount sought. See Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir. 2008) (providing for the Court to take "evidence when necessary . . . to fix the amount which the plaintiff is lawfully entitled to recover") (quotation omitted); see also Fed. R. Civ. P. 55(b)(2) (stating that the Court may conduct hearings to "determine the amount of damages" following default judgment).

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 73) is **ADOPTED**;
2. Plaintiff's Motion for Default Judgment (Docket No. 62) is **GRANTED in part** and **DENIED in part**;
3. Default judgment is **ENTERED** against Defendant San Antonio Cash Network; and

4. The Court will determine the amount of damages as follows:

   a. Plaintiff may move the Court for entry of money judgment and submit additional evidence to support its claim for damages.

   b. Defendant may file a response to Plaintiff's Motion within ten days of the date that Plaintiff's Motion is filed.

   c. The Court will examine the parties' submissions and issue an order for money judgment as appropriate. No hearing will be held unless the Court orders otherwise.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 10, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge